The opinion of the Court was delivered by
Bermudez, C. J.
The plaintiff seeks to recover from the defendants $74,413.50, for the use of a wharf in the Fifth District of the City, on the right bank of the river, during a stated period. He rests his claim on á contract of lease from the City of New Orleans, entered into on the 29th of June, 1875, by which lie claims to have been subrogated to all the rights of the corporation to collect all wharfage dues within corporate limits.
The City intervened and joined the plaintiff.
The defendants resist the demand, on four different grounds :
1. The ordinances for the sale of the lease, and the lease, were not intended to apply to said District; that they did not, and could not refer to wharves not built or repaired by the City or the contractor.
2. The right to build and use wharves was conceded'them and their vendors, by the State, and was exercised during twenty-five years. The concession was a consideration, or inducement for the building of a railroad, and constitutes a contract, the obligation of which caunot be impaired.
3. They and their authors, independent of grants, had, and have, as riparian owners, the right to build and use wharves in front of their property, and even to charge for the use of them, and that they cannot be divested thereof, unless after legal expropriation and adequate compensation paid.
4. The ordinances authorizing the collection of the dues claimed, are, in general, and specially as to the defendants, if they refer to them, null and void, because they violate the contract with the State, create a tonnage and discriminating duty, thus regulating commerce.
From a judgment against him, the plaintiff has appealed.
It is claimed that, in consequence of the intervention, the suit must be dealt with as though instituted by the City. We do not think so.
, The City cannot, by lier judicial proceeding, enlarge in any manner, so as to affect third persons, the substance of a contract entered into by her with the defendants, after fulfilment of the formalities required *701 by law provided for such purposes. The action is for the recovery of dues, to which plaintiff claims to he entitled, under a transfer and subrogation from the City. The plaintiff can exercise those rights only, which it was proposed to transfer to him, and which could have been and were actually conveyed to him. He can exex-cise xxoxie other. The City cannot, by her intervention, whatever it be, amplify the averments or prayer of the plaintiff’s petition.
It is quite difficult to discern what interest the City liad in this litigation. If she transferi-ed to the plaintiff, among others, tiie right of collecting the wharf dxxes claimed, wliat is it to her, that he recovers or fails, in the absence of any warranty on her part, of the existence of such right and of its lucrativeness? If, on the other hand, she did not convey it, what benefit can she derive by admitting the transfer, in a judicial proceeding in which she lias nothing to make? It would seem that the City should be perfectly indifferent to plaintiff’s success or defeat.
We should deal with the action as brought by the plaintiff alone, whose pretensions can not be fortified by any say so of the corporation. It is apparent that, if it be true that the City could not recover, had she brought the suit, the plaintiff necessarily is debarred from his claim, rice the City, whose rights only he could champion.
However, conceding- arguendo the theory upon which the action rests, that under the legislation of the State, the City has the exclusive right to build wharves within her limits, and that this privilege is a vested property based on the consideration that she is burthened with the responsibility of furnishing to the vast shipping visiting this port, suitable accomodations, it does not, in the least, follow that she woxxld have the right to collect wharfage dues, from one, who, being a ripax-iun owner, has built and renewed at his exclusive expense, without axiy opposition, ixx the Fifth District of the City, oxx the right bank of the river, and uses, for his purposes, a wharf iu front of his property.
The City may, on account, of the existence of the exclusive right and privilege lodged in her of building wharves within her limits, prevent the construction of such by individuals, and possibly, even after the erection of the same, prevent the further xxse thereof by expropriation, on compensation ; bixt this is not a sxxit of that character. Viewed in the xxxost favorable light, from plaintiff’s own standpoint, it could only be treated as an action by the City to recover from the defendants for the use of their own property.
The inconsistency of the position under the theory is apparent. It demonstrates the fallacy of the proposition, and proves coxxxpletely ¡destructive of the position assumed under it. How, indeed, could the City, with any semblance of plausibility, in the same breath, *702 aver her exclusive right to build wharves and waive that privilege, by ratifying- an infraction of it, in claiming from the infringer dues, for the use of a construction put up by him in derogation of the right? It would seem that either the City can or she cannot permit an encroachment. If she can, and she does it, she ratifies; if she cannot, her ratification would be a nullity. But it is clear that because the City has the exclusive privilege, it is a non seguittvr to say that, she is bound to exercise it, for that would be throwing her and plaintiff out of Court, on the latter’s own theory, that this case can be considered as instituted by the City herself directly.
But the fact is, that the suit was not brought by the City. It was instituted by the plaintiff, as subrogee, under a contract, authorized by and resting upon municipal ordinances, which expressly form part of the contract.
The 6th Section of Ordinance 2198, A. S., which refers to the charges mentioned previously in it, and which the plaintiff claims the right to collect, is exímese:
“ That the charges mentioned, * * * shall be exigible only from such * * * vessels, as shall land or moor at the wharves and piers furnished by the Gity of New Orleans.”
Section 8 of the same Ordinance, provides: that the purchaser takes such rights as she (the City) possesses, and the said revenues, subject to all the rights now held by other persons by way of lease, privilege, contract, or by law.”
Section 12 of Ordinance 3121, A. S., after speaking of the 1st, 2d, 3d, and 4th Districts of the City, declares : -
“But the said transferree shall not been titled to receive any revenue from vessels landing in the other districts, until after wharves shall have been built and the transferree shall have complied with the requirements of this Ordinance, in relation to them.”
Section 13 is lengthy, but is merely to the effect, that the lessee will not be bound to build wharves outside of the four districts, and that, if new wharves are required, in the 5th District, they may be built at the request of the City Council, or of the party desiring them.
The defendants claim that these ordinances, and the contract made under them, by .their own terms, do not apply to the 5th District; that the power to construct, maintain and use their own wharves, was granted to them and their authors by several Acts of the Legislature in 1853, 1855, 1858, 1877, which did not deprive the City of any vested right, because conferred, before the 5th District became part of the City, which was in 1870, and besides, because the legislature has power to control the administration of the banks of the river and the landings; that, independent of such grants, as riparian owners, they have the *703 right to build wharves, for their own purposes, in front of their property, which cannot be taken away after being exercised, unless after expropriation upon adequate compensation, and for public utility. They set xrp further defenses attacking the constitutionality of the ordinances, and necessarily, the validity of the contract relied upon by the plaintiff, which defenses, from the view which we have taken of the case, we. think unnecessary to particularize.
The evidence shows, that in 1872, Mr. Morgan, an author of defendants, bought in the Fifth District, 'on the right bank of the river, a tract of laud having a front of 475 feet, witli all riparian rights thereto belonging, and that, at that date, there existed in front of the property a private wharf which had been in use for perhaps twenty-five years, and which was in a condition necessitating to bo replaced; that in 1873, Mr. Morgan rebuilt the wharf, which became an adjunct to the railroad which he owned, at a cost approaching $25,000, exclusive of certain improvements costing as much.
It is for the use of this wharf by the defendants, who own it, that the plaintiff claims wharfage dues for the stated sum.
It is established conclusively, and not denied, that neither the City, nor tlie plaintiff, ever expended one dollar on this wharf, either for building or for repairing it.
In the case of Camion vs. New Orleans, 20 Wall. 577, from this Court, the U. S. Supreme. Court took occasion to say:
‘‘ It is a doctrine too well settled, and a practice too common and too essential to the interests of commerce and navigation, to admit of a doubt, that, for the use of such structures, erected by individual enterprise, and everywhere recognized as private property, a reasonable compensation can be exacted. And it may be safely admitted, also, that it is within the power of the State to regulate this compensation, so as to prevent extortion, a power which is often very properly delegated to local municipal authority.”
Nor do we see any reason why, when a city or other municipality is the owner of such structures, built by its own money, to assist vessels landing witliin the limits, in the pursuit of their business, tlie City should not bo allowed to exact and receive this compensation, as well as individuals.
In the case of the New Orleans, Mobile & Texas Railroad Company against Henry Ellerman, decided in March last, by that high tribunal, it was distinctly held, referring to the last case, that the sole ground of the City of New Orleans to collect wharfage at all, is that it is a reasonable compensation, which it is allowed by law to charge, for the actual use of structures provided at its expense, for the convenience of vessels engaged in the navigation of the Mississippi river.
*704 Referring to the case of New Orleans vs. Wilmot, 31 A. 55, the same Court said, that it is true, as was there decided, that the City cannot forbid any water craft from using the banks of the navigable waters of the State for purpose of navigation and commerce, and cannot com7 pel them to pay to it wharfage, except as compensation for the use of wharves of which it is the proprietor.
The Court goes on to say : The rights of the City, in respect to this controversy, would seem then to be reduced to that of building levees and wharves on the banks of the river, within its corporate limits, for public utility, with the exceptions established by the paramount law, and collecting reasonable wharfage for the actual use of such structures.
The case in which the Court thus spoke, is one to which the present plaintiff was a party, seeking to prevent the Railroad Company from using its wharf on the left bank of the river, as a public wharf, beyond the limits of such use, as defined by a Joint Resolution of the General Assembly of this State, of March 6th, 1869, excluding the City from the right of building a wharf on the land of the Company., After considering the question, the Court concluded, saying :
The only injury of -which he (Ellerman) can be heard in a judicial tribunal to complain, is the invasion of some legal or equitable right. If he asserts that the competition of the Railroad Compauy damages him, the answer is that it does not abridge such right. If ho alleges that the Railroad Company is acting beyond the warrant of the law, the answer is that a violation of its charter does not, of itself, injuriously affect any of his rights. The Company is not shown to owe him any duty which it has not performed. After reference to a number of authorities, the Court reversed the decree of the Circuit Court.
We are told by the plaintiff’s distinguished counsel, that if the Supreme Court of the United States, in that recent decision, presents views in conflict with those expressed in 30 A. 190, upon a questim* involving local statute law and jurisprudence, the authority of that tribunal is more than questionable.
We have considered the State case, which is to the effect that the City cannot lawfully .be required to permit the use of her wharves without compensation, on the ground.that they are property. It has received due consideration from the U. S. Supreme Court, which has accorded to it the whole merit which it deserves, and it remains in a condition of perfect integrity.
The case presently before this Court is not one in which the City seeks to prevent the defendants from using their wharf in any manner, or to expropriate it and enjoy it for her purposes.
When such a case will be presented, it will be time enough to determine the important issues raised by the defendants heretofore indicated.
*705 In the actual controversy, we are called upon merely to decide whether the plaintiff, under a contract with the City, and a subrogation to her right to collect wharfage dues, is entitled to recover such from the defendants for the use of a wharf built by their authors, which is their property, in front of land which they own fronting the river, with all the rights of riparian proprietors, and towards the building of which neither the City nor the plaintiff has ever contributed a cent, and in and to which neither claim any right of ownership or of enjoyment.
It clearly results from the evidence, that it was not intended by the contract relied upon, that the plaintiff should have the right of collecting wharfage dues, unless where the wharves and piers were furnished by the City; that the wharf in question was not thus furnished by the City, and is the property of the defendants, and we conclude that even had it been contemplated by the contract otherwise, as the City could not have recovered from the defendant for the use of their own wharf, the plaintiff, who only claims under a transfer and subrogation from her, must, necessarily, likewise fail in his action.
We find no error in the judgment appealed from, which is affirmed, with costs.
Levy, J., absent.